UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CURTIS EARL JACKSON, JR.,        §
TDCJ-CID NO. 1648645,            §
       Petitioner,        §
v.                               §        CIVIL ACTION NO. H-10-5162
                                 §
RICK THALER,                     §
       Respondent.       §

OPINION ON DISMISSAL

      Petitioner Curtis Earl Jackson, a state inmate, seeks federal habeas relief pursuant

to 28 U.S.C. § 2254, from his conviction for possession of cocaine on June 3, 2010, in cause

number 1262625 from the 178th Criminal District Court of Harris County, Texas.  (Docket Entry

No.1).  Respondent has filed a motion for summary judgment.  (Docket Entry No.9).  Petitioner

has filed numerous pleadings in a response to the motion for summary judgment.  (Docket

Entries No.11, No.12, No.13, No.14, No.15, No.18).  After considering the pleadings and the

entire record, the Court will grant respondent's summary judgment motion and deny petitioner

federal habeas relief.

I. BACKGROUND AND PROCEDURAL HISTORY

      In the Notice of Seizure dated July 13, 2009, Officer D.G. Davis attested as

follows, in pertinent part:

> Officers stopped Curtis Earl Jackson in the 10000 block of Kleckley for an
> observed traffic violation.  As officers approached the vehicle, Jackson
> appeared to be nervous.  Officers further observed a large bulge in
> Jackson's left front pants pocket.  Officers obtained verbal consent from
> Jackson to search his left front pants pocket and recovered approximately
> 10 grams of crack cocaine along with $3,214.00 in U.S. currency.  Jackson
> was then charged with PCSWID.  Jackson's criminal history includes a
> previous narcotics arrest.  A narcotics K-9 check of the currency resulted

1

> in a positive alert for the odor of narcotics.  Officers believe the currency
> seized during this investigation to be contraband.

*Ex parte Jackson*, Application No.WR-73,068-02, page 86.[1]  On July 27, 2009, petitioner was charged by indictment with possession of a controlled substance with intent to deliver.  Harris County District Clerk website.[2]  Counsel was appointed to represent petitioner.  *Id.*  On September 3, 2009, petitioner's motion to substitute counsel was granted and petitioner retained Attorney Woodrow W. Dixon, III ("Dixon") as his defense counsel.  *Id.*

On November 20, 2009, a subpoena issued commanding the Houston Police Department Custodian of Records to produce all audio and video recordings from the arrest/traffic stop on June 18, 2009.  *Ex parte Jackson*, Application No.WR-73,068-02, page 15.[3] A second subpoena issued on December 11, 2009, commanding the custodian to produce all written reports filed by the officers involved in the traffic stop and all audio and video recordings of the same.  *Id*. at 18.[4]  No video or audio recording from the police car dashboard camera was produced.   In a letter dated March 12, 2010, from Sgt. P.G. Manzo of the Central Intake Office/Internal Affairs Division, petitioner was advised that the documents requested would be forwarded to the Houston Police Department's legal department and would remain on file.  *Id*. at 14.[5]  The record does not show that a video or audio recording of the traffic stop was among those documents.

---

[1]  Docket Entry No.8-4, page 90.

[2]   http://www.hcdistrictclerk.com/edocs/public/CaseDetailsPrinting.aspx?Get=Vf8hub562oB  (viewed  12-6-2011). This indictment was dismissed on June 3, 2010 because the case was re-filed.  *Id.*

[3]  Docket Entry No.8-4, page 19.

[4]  *Id*. at 22.

[5]  *Id*. at 18.

On May 11, 2010, petitioner was re-indicted on a charge of first degree possession of a controlled substance with intent to deliver, enhanced by three prior convictions. *Ex parte Jackson,* Application No.WR-73,068-2 at 1.[6]  On June 3, 2010, petitioner entered a plea of guilty to the new indictment and executed Admonishments, Statements and Waiver.  *Id.* at 2-7.[7]  The prosecutor moved to abandon the enhancement paragraphs and the state district judge accepted the guilty plea and sentenced petitioner to five years confinement in the TDCJ-CID. *Id.*, pages 12-13.[8]  The charge in the first indictment was dismissed.

Petitioner did not file a notice of appeal.  (Docket Entry No.1, page3).  Petitioner filed a state habeas application on June 23, 2010, seeking relief on the following grounds:

1.   The Houston Police Department failed to respond to applications for subpoenas requesting various pieces of evidence;

2.   The State failed to disclose exculpatory evidence by disregarding his requests for various pieces of evidence;

3.   Petitioner has filed a complaint with the Houston Police Department's Internal Affairs Division;

4.   Petitioner was arrested pursuant to an illegal search and seizure; and,

5.   Petitioner was denied the effective assistance of counsel who failed to mail petitioner's property to his mother, to file a motion for contempt of court; and to prepare for trial.

*Ex parte Jackson*, Application No.WR-73,068-02, pages 2-11.[9]  The state district court, sitting as a habeas court, recommended that relief be denied in its Findings of Fact, Conclusions of Law

---

[6]  Docket Entry No.8-2, page 4.

[7]  *Id.* at 5-10.

[8]  *Id.* at 15-16.

[9]  Docket Entry No.8-4, pages 10-15.

and Order.  *Id.*, pages 110-112.[10]  The Texas Court of Criminal Appeals denied the application

on September 22, 2010, without written order on the trial court's findings without a hearing.  *Id.*

at Action Taken Page.[11]

        Petitioner filed a second state habeas application on August 26, 2010, seeking

relief on the following grounds:

      1.      He was denied a fair trial in violation of the Due Process Clause because the state district court refused to (a) grant a continuance, (b) hold the Houston Police Department and the prosecutor in contempt of court, and (c) allow him to impeach the police incident report with the police dashboard camera recording;

      2.      Petitioner was stopped, arrested and searched by police officers without probable cause;

      3.      The Houston Police Department failed to respond to applications for subpoenas that petitioner filed, in which he sought various pieces of evidence; and,

      4.      Petitioner was denied the effective assistance of counsel who failed to (a) file certain motions, (b) adopt petitioner's previously denied writ of mandamus, (c) investigate witnesses, and (d) investigate or prepare for trial, which resulted in an involuntary plea.

*Ex parte Jackson*, Application No.WR-73,068-03, pages 7-11.[12]  The state district court, sitting

as a habeas court, recommended that relief be denied in its Findings of Fact, Conclusions of Law

and Order.  *Id.*, pages 84-86.[13]  The Texas Court of Criminal Appeals denied the application on

---

[10] *Id*. at 114-116).

[11] *Id.* at 2.

[12] Docket Entry No.8-5, pages 12-16.

[13] *Id*. at 89-91.

December 1, 2010, without written order on the trial court's findings without a hearing.  *Id.* at Action Taken Page.[14]

Petitioner seeks federal habeas corpus relief in the present action on grounds that the prosecutor suppressed evidence and that his guilty plea was involuntary.  (Docket Entry No.1).  Respondent moves for summary judgment on grounds that petitioner's guilty plea was voluntary and his other claims waived.  (Docket Entry No.9).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The writ of habeas corpus provides an important, but limited, examination of an inmate's conviction and sentence.  *See Harrington v. Richter*, – U.S. –, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011) (noting that "state courts are the principal forum for asserting constitutional challenges to state convictions").  The Antiterrorism and Effective Death Penalty Act

---

[14] *Id.* at 2.

5

("AEDPA"), codified as amended at 28 U.S.C. § 2254(d), "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt"; it also codifies the traditional principles of finality, comity, and federalism that underlie the limited scope of federal habeas review. *Renico v. Lett*, – U.S. –, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (quotations omitted).

The AEDPA "bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in [28 U.S.C.] §§ 2254(d)(1) and (d)(2)."[15]  *Richter*, – U.S. at –, 131 S.Ct. at 784.  As previously mentioned, the Court of Criminal Appeals adjudicated petitioner's claims on habeas review.[16]  This Court, therefore, can only grant relief if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law.'"  *Berghuis v. Thompkins*, – U.S. –, 130 S.Ct. 2250, 2258, 176 L.Ed.2d 1098 (2010) (quoting 28 U.S.C. § 2254(d)(1)).  The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Schriro v.*

---

[15] Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

    (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).

[16] In the context of federal habeas proceedings, adjudication "on the merits" is a term of art that refers to whether a court's disposition of the case was substantive as opposed to procedural.  *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).  Under Texas law, denial of a habeas petition, as opposed to a dismissal, suggests that the state court's adjudication of claims asserted by the habeas petition was on the merits.  *See Salazar v. Dretke*, 419 F.3d 384, 398-99 (5th Cir. 2005).  Denial by the Texas Court of Criminal Appeals of a state habeas application without written order is an "adjudication on the merits" within the meaning of the federal habeas statute, where a procedural ground for denying the application does not appear in the state habeas record.  *See Thompson v. Johnson*, 7 F.Supp.2d 848, 870 (S.D. Tex. 1998).

*Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007).  Thus, the AEDPA

serves as a "guard against extreme malfunctions in the state criminal justice systems," not as a

vehicle for error correction.  *Richter*, – U.S. at –, 131 S.Ct. at 786 (citation omitted); *see also*

*Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011).  "If this standard is difficult to meet, that is

because it was meant to be." *Richter*, – U.S. at –, 131 S.Ct. at 786.

   "Review under § 2254(d)(1) focuses on what a state court knew and did." *Cullen*

*v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011).  Reasoning that "[i]t

would be strange to ask federal courts to analyze whether a state court's adjudication resulted in

a decision that unreasonably applied federal law to facts not before the state court," *Pinholster*

explicitly held that "[i]f a claim has been adjudicated on the merits by a state court, a federal

habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that

state court." *Id*. at –, 131 S.Ct. at 1399, 1400.  Thus, "evidence introduced in federal court has

no bearing on § 2254(d)(1) review." *Id*. at –, 131 S.Ct. at 1400.

### III. DISCUSSION

### A. Ineffective Assistance of Counsel

### 1. Involuntary Plea

   Petitioner contends that he entered an involuntary guilty plea, attributable to the

ineffectiveness of his trial counsel to investigate, to prepare for trial, to file petitioner's pre-trial

motions, and to obtain certain evidence.  (Docket Entry No.1, pages 24-33).  Respondent

contends that petitioner's plea was voluntarily entered and that such plea waives review of all

other claims of ineffective assistance of counsel in the present petition.  (Docket Entry No.9).

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). A guilty plea may not be set aside merely because the defendant made what turned out, in retrospect, to be a poor deal. *See Bradshaw v. Stumpf*, 545 U.S. 175, 186, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). Rather, a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of his plea bargain. *See id*. (citations omitted). This means that, by voluntarily pleading guilty to an offense, a criminal defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993). This includes those claims for ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (noting that ineffective assistance of counsel claims, such as the alleged failure to review the prosecutor's file to verify laboratory test results to see if substances were drugs, to investigate witnesses and the legality of the arrest, or to find holes in the government's case, are waived); *see also United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (reviewing ineffective assistance claims related to voluntariness of plea for failing to move to suppress audio tape and to investigate cases that would show overstatement of loss calculation).

The record shows that, on June 3, 2010, petitioner appeared in open court and entered a guilty plea to the charge of possession of a controlled substance with intent to deliver against him in cause number 1262625. In connection with that plea, petitioner executed a

written judicial confession to the charges against him.  *See Ex parte Jackson*, Application No.WR-73,068-02, page 2.[17]   The judicial confession is accompanied by a series of written admonishments regarding the range of punishment and the consequences of petitioner's guilty plea.  *See id*. at 3-7.  Petitioner, the state district judge, the prosecutor, and petitioner's defense counsel, Attorney Woodrow Dixon, signed the judicial confession and the written admonishments and waivers.  *Id.* at 5, 7.[18]   Attorney Dixon also reported on the judicial confession that petitioner's plea was "knowingly and voluntarily" made after fully discussing the consequences.  *Id.*  The state district judge reported that after admonishing petitioner of the consequences of the plea, he ascertained that petitioner "entered it knowingly and voluntarily after discussing the case with his attorney."  *Id.*  Petitioner acknowledged in the written plea admonishments and waivers, that he was "totally satisfied" with the representation received from counsel, and that counsel provided fully effective and competent representation.  *Ex parte Jackson*, Application No.WR-73-068-02, pages 3-7.[19])

Official court records, such as the judicial confession executed by petitioner, the prosecutor, defense counsel, and the trial judge, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review.  *Hobbs v. Blackburn*, 752 F.2d 1079, 1081–82 (5th Cir. 1985) (citations omitted).  Likewise, "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  Representations made by the defendant, his lawyer, and the

---

[17] Docket Entry No.8-2, page 5.

[18] *Id.*

[19] *Id.* at 7-10.

prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack.  *Id.*

When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).  *Tollett v. Henderson*, 411 U.S. 258, 267-68 (1973) (noting petitioner must establish that his attorney's advice to plead guilty, without having conducted or failing to conduct an adequate investigation, rendered that advice outside the range of competence demanded of attorneys in criminal cases).  A guilty plea is "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'"  *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (quoting *McMann*, 397 U.S. at 770–71).  "Counsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution."  *Argersinger v. Hamlin*, 407 U.S. 25, 34, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).[20]

To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The *Strickland* test applies when a prisoner alleges denial of

---

[20] Respondent maintains that none of petitioner's ineffective assistance claims relate to the voluntariness of his plea and therefore, are waived by such plea.  (Docket Entry No.9, pages 8-10).  However, to the extent that such claims relate to the voluntariness of petitioner's plea with respect to the advice rendered by defense counsel, the Court will address such claims.

effective assistance of counsel in the context of a guilty plea.  *Hill v. Lockhart*, 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).  "[I]n a guilty plea scenario, a [prisoner] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error."  *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *See* 466 U.S. at 696.

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id*. at 691.  When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill*, 474 U.S. at 58.  To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id*. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioner did not raise the ineffectiveness-involuntary plea claim in his first state habeas application.  In his second habeas application, he complained that he pleaded guilty because his defense counsel "abandoned him and did no work on the case to help obtain the

police dash cam digital video." *Ex parte Jackson*, Application No.WR-73,068-03, page 11.[21]
The state habeas corpus court did not specifically address such claim but found that petitioner
failed to show that counsel was deficient for failing to file a motion for contempt of court, for
failing to investigate witnesses, and for failing to conduct a more in-depth investigation. *Id.* at
84-85.[22]   The state habeas court also found that petitioner failed to meet his burden to show that
his defense counsel's conduct fell below an objective standard of reasonableness or a reasonable
probability that the result of the proceedings would have been different. *Id.*   The state habeas
courts further found that the "totality of the representation afforded Applicant was sufficient to
protect his right to reasonably effective assistance of counsel in the primary case." *Id.*

Petitioner's ineffective assistance claim in the present petition also centers on
Attorney Dixon's failure to acquire a copy of the police car dashboard camera recording.
Petitioner claims that he retained Dixon as his defense counsel in August 2009 but was unable to
continue to pay him, so Dixon "abandoned" him by not filing motions, investigating the case, or
pushing to acquire the recording.[23]   (Docket Entry No.1, pages 26-27).   Petitioner claims that
Attorney Dixon did not take proper steps to force the State to produce the police dashboard
camera recording and he did not act as an adversary by filing a motion (or petitioner's motion)
for contempt of court when the State did not produce the dashboard camera recording.   (*Id.* at
25).   Petitioner claims that the state district court refused to allow him to file numerous pre-trial
motions to acquire the recording, but told Attorney Dixon that he could adopt the motions and

---

[21] Docket Entry No.8-5, page 16.

[22] *Id.* at 89-90.

[23] Petitioner claims that around June 1, 2, or 3, 2010, a visiting judge admonished Dixon that he should have moved
to withdraw given petitioner's indigence and then reappointed Dixon as petitioner's trial counsel.   (Docket Entry
No.1, pages 26-27).

file them.  (*Id.* at 26).  (*Id.*).  Petitioner claims that Dixon did not adopt or file petitioner's *pro se*

motions and waited until the day of trial to request a continuance to obtain the police dashboard

camera recording.  (*Id*. at 26-27).  The continuance was granted on different grounds and the

recording was not produced.  (*Id.*).

Petitioner further claims that Dixon did not conduct an independent, in-depth

pretrial investigation into the factual basis of the State's charges by interviewing the arresting

officers or other witnesses.  (*Id.*, pages 29-30).  He claims that Dixon did not object to the initial

search or seizure or to "record claims," which include petitioner's formal complaint to the

Houston Police Department for racial profiling and excessive force.  (*Id.*).  He further claims that

Dixon did not examine or inspect the alleged illegal substance or move to have it re-weighed or

independently analyzed.  (*Id.*, page 32).

Petitioner's pleadings raise the possibility that the recording did not exist or that it

had been lost or misplaced.  In any case, his pleadings show that the State did not have a copy of

the recording.  Petitioner alleges that he heard the prosecutor inform the state district court that

one or two of the officers involved in the case indicated that their patrol car had neither audio nor

video recording devices."  (Docket Entry No.1, page 22).  Although petitioner refers to the

March 12, 2010, letter from Sgt. P.G. Manzo as proof of the existence of the police camera

recording, the letter does not indicate that a recording was discovered and sent to the department.

*Ex parte Jackson*, Application No.WR-73,068-02, page 14.[24]

Petitioner's pleadings also show that Attorney Dixon attempted to acquire the

recording.  Petitioner claims that on September 3, 2009, not long after he retained the attorney,

Dixon indicated that he had spoken to the prosecutor who told him not to bother with a subpoena

---

[24] Docket Entry No.8-4, page 18.

because the State also wanted to review the video.   (Docket Entry No.1, pages 28-29).
Thereafter, two subpoenas were issued at Dixon's request in November and December 2009, but
the recording was not produced.  *Ex parte Jackson*, Application No.WR-73,068-02, pages 15,
18.[25]   Attorney Dixon later told petitioner that he had learned that the patrol car had a video
mount on it but that no one knew the location of the video recording.  (Docket Entry No.1, page
22).

Moreover, petitioner provides no factual or legal support for finding his plea
involuntary due to Dixon's alleged failure to adopt or refile petitioner's *pro se* motions, to raise a
contempt of court objection, or to challenge the search and seizure investigation.  Without the
video recording or evidence that the State intentionally withheld the dashboard camera video
recording, any such motion, objection, or challenge would be frivolous.  A counsel's failure to
raise meritless objections is not ineffective assistance of counsel.  *See Clark v. Collins*, 19 F.3d
959, 964 (5th Cir. 1994).

Although petitioner indicates in his pleadings what he thinks the unavailable
dashboard camera recording would show, he has presented no evidence to substantiate his
claims.  Likewise, he has not shown what an investigation of the arresting officers, the eye-
witnesses, or the illegal substance itself would have revealed.  To establish a failure to
investigate claim, petitioner must allege with specificity what the investigation would have
revealed and how it would have benefitted him.  *United States v. Green*, 882 F.2d 999, 1003 (5th
Cir. 1989).  Moreover, petitioner has not shown that he would not have pled guilty but for the
alleged aforementioned errors.  Consequently, he fails to show that the state habeas courts'
findings with respect to counsel's representation were unreasonable.

---

[25] *Id*. at 19, 22.

In summary, the record shows that petitioner attested that his plea was voluntary, *i.e.*, he had a clear understanding of the proceedings against him, the nature of the offense for which he was charged, and the consequences of entering his plea.  Petitioner presented no evidence to the state court that his counsel or the prosecutor coerced him into pleading guilty. Rather, petitioner executed the written plea admonishments, in which he acknowledged that trial counsel provided fully effective and competent representation and that he was "totally satisfied" with counsel's representation.  *Ex parte Jackson*, Application No.WR-068-02, page 7.[26] Petitioner confirmed counsel had fully advised him as to the law and facts regarding his case and had done a good job.  *Id.* at 8. The trial court found petitioner mentally competent and that his plea was free and voluntary.  *Id.* at 7.  Petitioner presents nothing to overcome this finding.

To the extent that petitioner claims that his trial counsel's alleged incompetency rendered his plea involuntary, the state habeas courts found that petitioner failed to show that his trial counsel provided constitutionally ineffective assistance with respect to the claims petitioner raised against him and further found that petitioner had received reasonably effective assistance of counsel.  Petitioner has not shown in the present petition that the state habeas court's adjudication of the merits of his claims was contrary to, or involved an unreasonable application of, clearly established Federal law with respect to his claim of an involuntary plea and his trial counsel's representation.  Accordingly, respondent is entitled to summary judgment on this claim.

## 2. Notice of Appeal

Petitioner also claims that Attorney Dixon told him that he could not file a notice of appeal per the plea agreement; petitioner also claims that Dixon did not submit a motion to

---

[26] (Docket Entry No.8-2, page 10).

withdraw and did not file an appeal on petitioner's behalf.  (Docket Entry No.1, page 29). Respondent correctly notes that petitioner did not raise this claim in either state habeas application and therefore, did not exhaust this claim.  (Docket Entry No.9, page 10).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *See Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'"  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).  The substance of a federal claim is deemed "fairly presented" in state court for purposes of the exhaustion doctrine only if the petitioner relies upon identical facts and legal theories in both of the state court proceeding and the action for federal habeas relief.  *Picard v. Connor*, 404 U.S. 270, 275-75, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Petitioner did not complain in his state applications that his trial counsel advised him that he could not file an appeal or that he failed to file an appeal.  Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to

the state forum to present his unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198,

71 L.Ed.2d 379 (1982).  Respondent, however, contends such a result in this case would be futile

because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ

under Texas law.  (Docket Entry No.9, page 10).

      A procedural bar for federal habeas review occurs if the court, to which a

petitioner must present his claims to satisfy the exhaustion requirement, would now find the

unexhausted claims procedurally barred.  *Coleman,* 501 U.S. at 735 n.1.  Texas prohibits

successive writs challenging the same conviction except in narrow circumstances.  TEX. CODE

CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005).  The Texas Court of Criminal Appeals

applies its abuse of the writ doctrine regularly and strictly.  *Fearance v. Scott*, 56 F.3d 633, 642

(5th Cir. 1995) (per curiam).

      Petitioner's federal habeas petition does not contain specific facts to establish

petitioner's failure-to-file-an-appeal claim in the present action could not have been raised in

state habeas proceedings or that he is actually innocent.  Therefore, petitioner's unexhausted

claim does not fit within the exceptions to the successive writ statute and would be procedurally

defaulted in state court.  *Coleman*, 501 U.S. at 735 n.1.  Such a bar precludes this Court from

reviewing petitioner's claim absent a showing of cause for the default and actual prejudice

attributable to the default.  *Id.* at 750.

      Petitioner has been given notice through respondent's motion for summary

judgment that the Court would consider a dismissal of this claim under the procedural default

doctrine and has been given an opportunity to respond with any argument he may have opposing

dismissal in a response to the motion for summary judgment.  *See Magouirk v. Phillips*, 144 F.3d

348, 359 (5th Cir. 1998).  Petitioner, however, fails to address the default, the cause of the

default, or prejudice resulting from the default in his response to the motion for summary judgment.  (Docket Entries No.11, No.15).  Petitioner repeatedly voices his innocence but he has not produced any evidence that would support an actual innocence claim under *Schlup v. Delo*, 513 U.S. 298 (1995).  Accordingly, the Court will dismiss as procedurally barred petitioner's failure-to-file-an-appeal claim.

### B. Suppression of Exculpatory Evidence

Respondent also correctly notes that by his voluntary plea, petitioner has waived his claim that the State suppressed exculpatory evidence.   (Docket Entry No.9).   The prosecution's duty to disclose exculpatory evidence to the defense is "expressly premised on the defendant's right to a fair trial," a concern that is not present when the defendant waives trial pursuant to a guilty plea.  *See Orman v. Cain*, 228 F.3d 616, 620-21 (5th Cir. 2000).  Therefore, petitioner's allegation that the prosecutor failed to disclose favorable materials before he entered his guilty plea does not state a claim on federal habeas review.

Accordingly, respondent is entitled to summary judgment.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).   A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.   Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record, the Court ORDERS the following:

1.   Petitioner's Motion for Entry of Default (Docket Entry No.16) is DENIED.

2.   Respondent's Motion for Summary Judgment (Docket Entry No.9) is GRANTED.

3.   Petitioner's petition for federal habeas relief is DENIED.

4.   A certificate of appealability is DENIED.

5.   This habeas action is DISMISSED with prejudice.

6.   All other pending motions are DENIED.

SIGNED at Houston, Texas, this 27th day of February, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE